Dear Chief Deputy Millet:
You have asked this office to render our legal opinion concerning the following issue:
 Is there any prohibition in the Louisiana Revised Statutes that would prohibit a law enforcement agency from hiring an eighteen-year-old individual as a police officer?
This issue has been addressed in Attorney General Opinions 00-58 and 93-49, copies of which we enclose to you. We are unaware of any change in the law which would affect the stated outcome of those opinions, thus we again conclude that there is no prohibition in the state law which would prohibit an eighteen-year-old person from employment as a police officer.
Federal law, pursuant to 18:USC 922(b)(1)[1], makes it unlawful to sell or deliver firearms other than a rifle or shotgun, to anyone who is under the age of twenty-one. However, an exception is made in sales for use by any state or any department, agency or political subdivision thereof, pursuant to 18USC925(a)(1).[2]
Note also that the prohibition of R.S. 14:95 relative to the illegal carrying of a weapon does not apply to persons vested with police power while in the performance of their lawful duties, as R.S. 14:95
pertinently provides:
 § 95. Illegal carrying of weapons
 A. Illegal carrying of weapons is:
 (1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person;
 * * * * *
 G. (1) The provisions of this Section except Paragraph (4) Subsection A shall not apply to sheriffs and their deputies, state and city police, constables and town marshals, or persons vested with police power when in the actual discharge of official duties. These provisions shall not apply to sheriffs and their deputies and state and city police who are not actually discharging their official duties, provided that such persons are full time active, and certified by the Council on Peace Officer Standards and Training and have on their persons valid identification as duly commissioned law enforcement officers.
We hope the foregoing is responsive to your inquiry. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] 18 U.S.C. § 922(b)(1) provides:
(b) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver — (1) any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age.
[2] 18 U.S.C. § 925(a)(1) provides:
(a)(1) The provisions of this chapter, except for sections 922(d)(9) and 922(g)(9) and provisions relating to firearms subject to the prohibitions of section 922(p), shall not apply with respect to the transportation, shipment, receipt, possession, or importation of any firearm or ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof or any State or any department, agency, or political subdivision thereof.
OPINION NUMBER 93-49
February 19, 1993
77 OFFICERS 60 LAW OFFICERS R.S. 40:2404
R.S. 33:42318 U.S.C. § 922, 925
We find no minimum age for employment and training as a police officer, and the federal restrictions on sale of guns to persons under 21 does not apply to police officers. In a Lawrason community the elected chief of police must make recommendations to the mayor and board for appointment of police personnel, and cannot hire without their approval.
Ruby L. Hawkins, Mayor Town of Cheneyville P.O. Box 322 Cheneyville, LA 71325